UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. N. AL-HASSAN,<br><br>                 Plaintiff,<br><br>        v.<br><br>FRANK BISIGNANO,<br><br>                 Defendant. | Case No. 25-cv-00988-NW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGEMENT**<br><br>Re: ECF Nos. 10, 13 |

Plaintiff R. N. Al-Hassan ("Plaintiff" or "Al-Hassan")[1] seeks judicial review of the final decision by an Administrative Law Judge ("ALJ") denying her application for Title II Social Security Disability Insurance benefits.  Compl., ECF No. 1.  Plaintiff argues that the ALJ erred by improperly addressing the medical opinion evidence, rejecting Plaintiff's testimony, and, asking "incomplete hypothetical questions resulting in unreliable vocational testimony."  Plaintiff's Opening Brief, ECF No. 10 ("Brief").  Plaintiff moved for summary judgment, ECF No. 10, and the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") opposed the motion and filed a cross-motion for summary judgment.  Defendant's Cross Mot. for Summary Judgment, ECF No. 13 ("Defendant's MSJ").  Plaintiff filed a reply.  ECF No. 16.

Pursuant to Civil Local Rule 16-5, the matter was submitted for decision without oral argument.  The Court finds that the ALJ did not err in evaluating the medical opinion evidence and Plaintiff's testimony, and finds that substantial evidence supported the ALJ's determination.  The Court GRANTS Defendant's cross-motion and DENIES Plaintiff's motion.

---

[1] The Court partially redacts Plaintiff's name to mitigate privacy concerns, as suggested by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.  *See also* Fed. R. Civ. P. 5.2(c)(2)(B).

## I.    BACKGROUND

On April 27, 2022, Plaintiff filed an application for disability insurance benefits under Title II for a period beginning on December 1, 2021.  Administrative Record ("AR") 237-38, ECF No. 9.  After the agency denied Plaintiff's application initially and on reconsideration, Plaintiff requested a hearing in front of an ALJ.  AR 125-49.  On November 29, 2023, Plaintiff appeared with counsel for a telephone hearing before the ALJ, Lisa Lunsford.  *See* AR 55-79.

The ALJ issued an unfavorable decision on January 11, 2024, after considering the question of "whether the claimant is disabled under sections 216(i) and 223(d) of the Social Security Act."  AR 32-52.  The ALJ concluded that "the claimant has not been under a disability within the meaning of the Social Security Act from December 1, 2021, through the date of this decision."  AR 35-36.

The ALJ followed the five-step sequential determination process pursuant to 20 CFR § 404.1520(a).  The ALJ found that: (1) Plaintiff had not engaged in substantial gainful activity during the relevant period; (2) Plaintiff had severe, medically determinable impairments including a meniscal tear of the right knee, lumbar degenerative disc disease, obesity, depressive disorder, anxiety disorder, and post-traumatic stress disorder; (3) Plaintiff's "physical impairments do not meet or medically equal any of the criteria set forth in any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1"; (4) Plaintiff "is unable to perform any past relevant work"; and (5) Plaintiff "has the residual functional capacity to perform light work" in the occupations of Mail Clerk, Assembler, and Table Worker.  AR 37, 38, 40, 45, 46.

The ALJ thus concluded that Plaintiff was not disabled because Plaintiff is capable of "light exertion, with reduced standing and walking, postural limitations, and mental limitations to simple routine work with only occasional public interaction."  AR 44-46.

Plaintiff appealed the ALJ's determination to the Appeals Council, which denied Plaintiff's request for review on December 23, 2024.  AR 1.  Plaintiff sought review in this Court pursuant to 42 U.S.C. § 405(g).  ECF No. 1.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.    LEGAL STANDARD

Under the Social Security Act, a claimant is considered "disabled" if they meet two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *see also* 42 U.S.C. § 1382c(a)(3)(A)-(C).  First, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  Second, the impairment or impairments must be severe enough that the claimant is unable to perform their previous work and cannot, based on their age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is "disabled" pursuant the two 42 U.S.C. § 423(d) requirements, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's "residual function capacity," the claimant can still do her "past relevant work"; and (5) whether the claimant "can make an adjustment to other work."  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error."  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*. (internal quotation marks and citation omitted).  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Id*.  Simply put, "[i]n Social Security cases, federal courts 'are not triers of fact'," *M. L. v. Kijakazi*, 2023 WL 1927735, at *3 (N.D. Cal. Feb. 10, 2023) (citations omitted), and if the record "can reasonably support either

affirming or reversing, the reviewing court may not substitute its judgment for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). "Finally, [a district court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. District courts have the power to enter a judgment, "upon the pleadings and transcript of the record," with or without remanding the complaint for a rehearing. 42 U.S.C. § 405(g).

## III.    DISCUSSION

Plaintiff seeks reversal and remand of the ALJ's decision on three grounds: (1) the ALJ failed to properly address the medical opinion evidence; (2) the ALJ improperly rejected Plaintiff's testimony; and (3) the ALJ asked incomplete hypothetical questions about Plaintiff's residual functional capacity, resulting in unreliable vocational testimony.

### A.    Whether the ALJ Properly Addressed the Medical Opinion Evidence

Plaintiff argues that the ALJ failed to assess the persuasiveness of the medical opinions of Occupational Therapist (OT) Lesa Stevens and Dr. Alina Faramazyan based on their "supportability and consistency with the evidence." Brief at 10.

An ALJ must explain how she considered the "supportability and consistency" of medical evidence in her determination of the persuasiveness of a medical opinion. 20 C.F.R § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). An ALJ may, but need not, consider other factors, such as "the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records." *Id*. (citing 20 C.F.R. § 404.1520c(c)(3)(i)-(v)).

United States District Court
Northern District of California

Here, the ALJ found OT Stevens' opinions about Plaintiff's maximum physical abilities unpersuasive and found Dr. Faramazyan's opinion about Plaintiff's mental impairments only partially persuasive.

### 1.      Occupational Therapist Stevens

OT Stevens opined that Plaintiff can lift up to five pounds but cannot carry any weight. AR 43.  OT Stevens further opined that Plaintiff's "maximum abilities appeared to be to: sit for 46 minutes; stand for one minute; and ambulate 150 feet while performing bilateral upper extremity fine motor activities."  AR 43.

The ALJ found that OT Stevens' opinion was not persuasive because "the report appears to be largely based on the claimant's own statements and subjective responses" and because "the extreme limitations offered are inconsistent with other medical evidence."  AR 43.  The ALJ noted that OT Stevens' opinion "explicitly indicates that in evaluating the claimant's lifting/carrying, progression of levels to greater weight is 'determined by the subject's reports.'"  AR 43.  Indeed, the report states "[t]he assessment may be terminated at any time by the patient or evaluator, should they show visible signs of fatigue, weakness or high-risk postural changes."  AR 839.  Plaintiff "call[ed] off sub-test at 50 [pounds] pushing . . . [due to] pain in [right] knee and increasing pain in low back."  AR 840.  OT Stevens "call[ed] off sub-test at 5 [pounds] lifting and 5 [pounds] carrying" due to "safety concerns."  AR 839.  The ALJ found that OT Stevens' "opinion is not persuasively reflective of long-term abilities and/or limitations as it is a reflection of [Plaintiff's] subjective reports and performance on one day."  AR 43.

Beyond finding that OT Stevens' opinion was largely based on Plaintiff's subjective reports, the ALJ found that the opinion's limitations—including the one-minute standing limitation and 5-pound lifting limitation—are "extreme" and inconsistent with the other medical evidence.  AR 43.  For example, the ALJ cited imaging results showing "only mild to moderate dysfunction of the [Plaintiff's] right knee and lumbar spine."  AR 43.  Furthermore, while OT Stevens limited Plaintiff to one minute standing, Plaintiff herself reported being able to stand for ten minutes.  AR 43.  Additionally, while Plaintiff utilized a cane and a wheelchair at OT Stevens' evaluation, Plaintiff admitted at the hearing that she does not require the use of a cane.  AR 43.

The ALJ concluded that OT Stevens' opinion "is not persuasively reflective of long-term abilities and/or limitations." AR 43.

Plaintiff challenges the ALJ's determination that OT Stevens' opinions were unpersuasive. Plaintiff argues that, "[c]ontrary to the ALJ's assertion, OT Stevens' opinion was not based primarily on Al Hassan's own subjective reports, but was based on functional capacity testing conducted by the therapist." Brief at 11. The Court disagrees. The ALJ satisfied both supportability and consistency factors in determining that OT Stevens' opinion was not persuasive. Among other things, the ALJ evaluated and explained that the extreme limitations found by OT Stevens were at odds with the imaging results, and therefore not "consistent . . . with the evidence from other medical sources." *Woods*, 32 F.4th at 792.

### 2.    Alina Faramazyan, M.D.

Dr. Faramazyan opined that Plaintiff "has mild to moderate limitations across many domains of mental functioning with the exception of marked limitations in sustaining concentration, attendance, and interaction with coworkers." AR 44. Dr. Faramazyan also estimated that Plaintiff would be absent "more than four days per month." AR 44.

The ALJ found Dr. Faramazyan's opinion to be "partially persuasive," noting that "[w]hile the moderate impairments offered [by Dr. Faramazyan] are consistent with treatment notes and the opinions of Drs. Franco and South, the marked impairments are not consistent with any other opinion and are not supported by the treatment notes or the record as a whole." AR 44. The ALJ also specifically observed that the "[t]reatment notes, in addition to documenting mostly normal mental status exams, do not indicate extreme distractibility, numerous missed appointments, or difficulty getting along with others besides her parents." *Id*.

Plaintiff argues that, in making these findings, the ALJ "ignored the definition of a 'marked' impairment on the form Dr. Faramazyan completed, which explains that a marked limitation would preclude the effective performance of the task for 20 percent or more of the workday." Brief at 13; *see* AR 1183. Plaintiff further claims that the ALJ improperly characterized the marked limitations Dr. Faramazyan assessed as "extreme" which "led to the

6

ALJ's unfounded conclusion that these limitations are not reflected in the treatment notes." Brief at 13.

The Court finds that the ALJ again satisfied both supportability and consistency factors in determining that Dr. Faramazyan's opinion was only partially persuasive. The ALJ explained that Dr. Faramazyan's findings were not supported by her own treatment notes nor the other medical evidence. *See Woods v*, 32 F.4th at 791-92 (supportability factor looks at the "extent to which a medical source supports the medical opinion"). Similarly, the ALJ found that Dr. Faramazyan's opinion was not consistent with the opinions of other treating providers or Drs. South and Franco.

The Court finds that the ALJ properly addressed the medical opinion evidence.

**B.      Whether the ALJ Improperly Rejected Plaintiff's Symptom Testimony**

Plaintiff argues that the ALJ "discounted Al Hassan's testimony primarily because the ALJ asserted the objective evidence was not consistent with the degree of limitation Al Hassan described." Brief at 15.

In general, credibility determinations are the province of the ALJ. "It is the ALJ's role to resolve evidentiary conflicts. If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld." *Allen v. Sec'y of Health & Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984) (citations omitted). An ALJ is not "required to believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A)) *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted). "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (internal quotation marks and citation omitted). If the ALJ's assessment "is supported by substantial

United States District Court
Northern District of California

evidence in the record, [district courts] may not engage in second-guessing." *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate "specific, cogent reasons" for their credibility determination. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). In evaluating a claimant's credibility, the ALJ "must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Greger*, 464 F.3d at 972 (quotations omitted); *see also Thomas*, 278 F.3d at 958 (ALJ must articulate reasons that are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony"). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Here, applying the two-step analysis, the ALJ first determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 44. Next, given that Plaintiff satisfied the first part of the test, and the ALJ found no evidence of malingering, the ALJ was required to provide "specific, clear and convincing reasons for" discrediting Plaintiff's testimony regarding the severity of her symptoms. *Lingenfelter*, 504 F.3d at 1036. The ALJ reasoned that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained throughout this decision." AR 44. The ALJ noted that while Plaintiff "explained that her past work took an emotional toll; and her treatment records document ongoing anxiety and depression, the evidence does not persuasively establish that she is incapable of other work that is simple with limited public contact." AR 44. Plaintiff admitted in her testimony that she would still be able to perform a job that was less emotionally demanding. AR 65. Moreover, when Plaintiff's attorney posed to her a job that "would not require you to do very much, if any, walking and you'd be scanning documents or copying them . .

. either in the sitting or standing position; and you could change positions at will, but you'd have to remain on task and get the work done," Plaintiff responded that she "could do that from a physical standpoint."  AR 68.

Accordingly, the Court finds that the ALJ provided "specific, clear and convincing reasons for" discrediting Plaintiff's testimony.  *Lingenfelter*, 504 F.3d at 1036.  Because the ALJ's assessment "is supported by substantial evidence in the record," the Court may not "engage in second-guessing" her credibility determinations.  *Thomas*, 278 F.3d at 958.

**C.     Whether the ALJ Erred in Asking "Incomplete Hypothetical Questions" Resulting in Unreliable Vocational Testimony**

Plaintiff asserts that, "in posing the hypothetical question to the VW [vocational witness], the ALJ omitted Al Hassan's credible allegations and the limitations assessed by several treating and examining providers."  Brief at 18-19.  Plaintiff argues that, because the VW's testimony about Plaintiff's abilities to perform certain occupations "was based on the ALJ's failure accurately to pose all of Al Hassan's limitations," "the VW's testimony that Al Hassan can perform those occupations has no evidentiary value."  *Id*.

The ALJ posed a hypothetical to the VW in which an individual was "limited to light work" and had the following additional limitations:

> standing or walking are limited to a combined total of four hours per workday; the individual can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds; the individual is further limited to simple tasks with occasional changes in work routine and can have occasional interaction with the public.

AR 71.  The ALJ then proposed a second hypothetical in which the exertion level of the first hypothetical was reduced from "light" to "sedentary."  AR 72.  For the third hypothetical, the ALJ returned to the first hypothetical and added that the individual would be "off task" due to a combination of symptoms for 15 percent of the workday.  AR 73.

Plaintiff's counsel examined the VW immediately after the ALJ offered these hypotheticals but did not further develop the VW's testimony or suggest the hypotheticals lacked any specific "credible allegations and limitations."  Brief at 18-19; *see* AR 73-78.  Even now,

9

Plaintiff does not identify what specific "credible allegations and limitations" the ALJ omitted in the hypothetical questions posed to the VW. *See* Brief at 18-19.

The Court reviews "only issues which are argued specifically and distinctly." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994); *see also United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). As noted above, Plaintiff asserts that the ALJ failed to "pose a complete hypothetical question" but does not specify what additional information would have completed the hypothetical except for a vague allusion to "credible allegations and limitations." Brief at 18. Nor does Plaintiff cite to anything in the record that might reveal the identity of those allegations and limitations. Further, even if Plaintiff had claimed some additional limitations, the ALJ need not have necessarily considered them. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that [Plaintiff] had claimed, but had failed to prove.").

The Court finds that the ALJ did not err in asking the hypothetical questions, and that the hypothetical questions did not result in unreliable vocational testimony.

## IV.    CONCLUSION

The Court finds that the ALJ's determination is supported by substantial evidence. The Court DENIES Plaintiff's motion for summary judgment and remand and GRANTS Defendant's cross-motion for summary judgment.

**IT IS SO ORDERED.**

Dated: March 10, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

10